IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CYNTHIA HOLT,

    Plaintiff

vs.

PERRY POLLARD, BAYER
CORPORATION, and RENAISSANCE
HOTEL HOLDINGS, INC., d/b/a
RAMADA INN CHICOPEE,
MASSACHUSETTS,

    Defendants.

Civil Action No.

05 - 30128 - MAP

FILING FEE PAID:
RECEIPT # 305957
AMOUNT $ 250.00
BY DPTY CLK MEL
DATE 6/2/05

### NOTICE OF REMOVAL

TO: THE HONORABLE JUDGES OF THIS COURT

Bayer Corporation, one of the defendants above-named, gives notice, in accordance with 28 U.S.C. § 1446(a), of the removal of this case from the Superior Court of and for the County of Hamden, Massachusetts, in which court the case was commenced on or about April 25, 2005 by the filing of a Complaint. Bayer was served with the Complaint through its registered agent, CT Corporation, on May 3, 2005, which is within 30 days of the date of filing of this Notice of Removal. Copies of the Complaint and Civil Information sheet are attached to this Notice. No other process, pleadings, or orders have been filed or issued. Undersigned counsel has obtained the consent of all defendants to the removal before filing this Notice.

**Statement of Grounds for Removal.** Plaintiff's Complaint identifies her as a citizen of the Commonwealth of Massachusetts. The Complaint identifies Perry Pollard as a citizen of the State of Indiana, which he is. Defendant Renaissance Hotels Holdings, Inc. is a Delaware Corporation with its principal place of business located in the State of Maryland. Bayer Corporation is an Indiana Corporation with its principal place of business in the Commonwealth

{K0303945.1}

of Pennsylvania. There is, therefore, complete diversity of citizenship between the plaintiff and all defendants.

The Civil Action Cover Sheet filed by plaintiff with the Complaint and annexed thereto claims damages of $750,000.

This case is within the original jurisdiction of this Court pursuant to 28 U.S.C. § 1332 (a).

**Notice to the State Court.** Written notice of removal will be given to plaintiff and all other parties through their attorneys of record and a copy of this Notice of Removal will be filed with the Superior Court, of and for the County of Hamden.

_____
Peter F. Carr (BBO #600069)
Eckert Seamans Cherin & Mellott LLC
One International Place, 18th Floor
Boston, Massachusetts 02110
Telephone 617-342-6857
Facsimile 617-342-6899

John J. Myers
Eckert Seamans Cherin & Mellott LLC
44th Floor, 600 Grant Street
Pittsburgh, PA 15219
Telephone 412-566-5900
Facsimile 412-566-6099

## CONSENT TO REMOVAL

The undersigned are counsel for the parties indicated and hereby consent to the removal of this case from the Superior Court for Hamden County to the United States District Court for the District of Massachusetts.

FOR PERRY POLLARD:

Brian Blackburn
P.O. Box 210
Northhampton, MA 01061
Tel. 413-586-8218
Fax 413-584-6278

FOR RENNAISSANCE HOTEL HOLDINGS, INC.

Bernard A. Joseph
Vice President & Senior Counsel Litigation
Marriott International Corporation
Marriott Drive, Dept. 52/923.21
Washington, DC 20058
Tel 301-380-1114
Fax 301-380-6727

## CONSENT TO REMOVAL

The undersigned are counsel for the parties indicated and hereby consent to the removal of this case from the Superior Court for Hamden County to the United States District Court for the District of Massachusetts.

FOR PERRY POLLARD:

*Brian E Blackburn*

Brian Blackburn
P.O. Box 210
Northhampton, MA 01061
Tel. 413-586-8218
Fax 413-584-6278

FOR RENNAISSANCE HOTEL HOLDINGS, INC.

_____

Bernard A. Joseph
Vice President & Senior Counsel Litigation
Marriott International Corporation
Marriott Drive, Dept. 52/923.21
Washington, DC 20058
Tel 301-380-1114
Fax 301-380-6727

## CERTIFICATE OF SERVICE

I certify that on the 31st day of May, 2005, a true copy of the foregoing Notice of Removal was served on all parties, addressed as follows:

      Victoria Lauro Wright, Esquire
      Coolidge & Lauro
      80 Maple Street
      Springfield, MA 01103
      Counsel for Plaintiff

      Brian Blackburn, Esq.
      P.O. Box 210
      Northhampton, MA 01061
      Counsel for Perry Pollard

      Barney Joseph, Esq.
      Marriott International, Inc.
      10400 Fernwood Road
      Bethesda, MD 20817
      Counsel for Renaissance Hotel Holdings, Inc.

_____
Peter F. Carr, II

| CIVIL ACTION COVER SHEET | DOCKET NO(S) 05 422 | Trial Court of Massachusetts Superior Court Department County: HAMPDEN |
|---|---|---|

**PLAINTIFF(S)**
CYNTHIA HOLT

**DEFENDANT(S)**
PERRY POLLARD, BAYER CORPORATION, RENAISSANCE HOTEL HOLDINGS, INC. and RAMADA INN CHICOPEE MASSACHUSETTS

**ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE** 413 732-1188
VICTORIA LAURO WRIGHT, ESQUIRE
80 MAPLE STREET, SPRINGFIELD, MA 01103
Board of Bar Overseers number: 646405

**ATTORNEY** (if known)

### Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B04 | Negligence personal injury | (F) | (X) Yes   ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

Documented medical expenses to date:
1. Total hospital expenses .................................................. $ ........
2. Total Doctor expenses .................................................. $ 550.00
3. Total chiropractic expenses ........................................... $ 4000.00
4. Total physical therapy expenses ...................................... $ 0
5. Total other expenses (describe) ...................................... $ 0
                                                                      Subtotal $ 4,550.00
Documented lost wages and compensation to date ................ $ unknown
Documented property damages to date ............................... $ 0
Reasonably anticipated future medical and hospital expenses ... $ unknown
Reasonably anticipated lost wages ...................................... $ unknown
Other documented items of damages (describe) ................... $ ........

Brief description of plaintiff's injury, including nature and extent of injury (describe)
The Plaintiff sustained a fractured jaw, abrasions, bruises and psychological injuries which are severe and permanent. The plaintiff requires surgery to repair her jaw.

                                                                      $ ........
                                                                      TOTAL $ 750,000.

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

                                                                      TOTAL $ ........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _Victoria Lauro Wright_    DATE: 3/25/05

C-6 mtc005-11/99
S.C. 1-2000



COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF THE TRIAL COURT

HAMPDEN, ss.                                    SUPERIOR COURT DEPARTMENT
                                                CIVIL ACTION NO. 05 422

CYNTHIA HOLT,                         )
   Plaintiff                          )
                                      )
v.                                    )
                                      )   COMPLAINT AND DEMAND
                                      )   FOR JURY TRIAL
PERRY POLLARD, BAYER CORPORATION,     )
And RENAISSANCE HOTEL HOLDINGS, INC., )
d/b/a RAMADA INN CHICOPEE             )
MASSACHUSETTS,                        )
   Defendants                         )

## PARTIES

1. The Plaintiff, Cynthia Holt, is a natural person currently residing at 168 Parker Street, Springfield, Hampden County, Massachusetts.

2. The Defendant, Perry Pollard, is a natural person who at the time of the incident, resided at 1084 Sunset Drive, Lawrenceburg, Indiana, and upon information and belief was employed by the Defendant, Bayer Corporation.

3. The Defendant, Bayer Corporation, is a foreign corporation doing business in Massachusetts with a place of business at 100 Bayer Road, Pittsburgh, Pennsylvania, and upon information and belief was the employer of Perry Pollard, and has an Agent of Service of CT Corporation System, 101 Federal Street, Boston, Massachusetts.

4. The Defendant, Renaissance Hotel Holdings, Inc., d/b/a Ramada Inn Chicopee Massachusetts is a is a foreign corporation doing business in Massachusetts with a place of business at 357 Burnett Road, Chicopee, Hampden County, Massachusetts, and has an Agent of Service of CT Corporation System, 101 Federal Street, Boston, Massachusetts.

## FACTS

5. On or about April 26, 2002, the Plaintiff, Cynthia Holt, was a patron of the Defendant, Renaissance Hotel Holdings, Inc., d/b/a Ramada Inn Chicopee Massachusetts, located at 357 Burnett Road, Chicopee, Hampden County, Massachusetts.

6. On April 26, 2002, the Defendant, Perry Pollard, was a patron of the Defendant, Renaissance Hotel Holdings, Inc., d/b/a Ramada Inn Chicopee Massachusetts, located at 357 Burnett Road, Chicopee, Hampden County, Massachusetts.

7. On the aforementioned date and time, the Defendant, Perry Pollard, who was on business attending a work seminar at the Defendant, Renaissance Hotel Holdings, Inc., d/b/a Ramada Inn Chicopee Massachusetts, in the scope and furtherance of his employment with Bayer Corporation.

8. At all relevant times, the Defendant, Renaissance Hotel Holdings, Inc., d/b/a Ramada Inn Chicopee Massachusetts was in possession and control of the premises located at 357 Burnett Road, Chicopee, Massachusetts.

9. At all relevant times, the Plaintiff was lawfully on the Defendant, Renaissance Hotel Holdings, Inc., d/b/a Ramada Inn Chicopee Massachusetts premises.

10. On the aforementioned date and time, the Defendant, Perry Pollard, committed assault and battery on the Plaintiff on the premises owned by Renaissance Hotel Holdings, Inc., d/b/a Ramada Inn Chicopee Massachusetts, and in the scope and furtherance of his employment with Bayer Corporation.

11. On the aforementioned date and time, the Defendant, Perry Pollard, assaulted to commit rape on the Plaintiff on the premises owned by Renaissance Hotel Holdings, Inc., d/b/a Ramada Inn Chicopee Massachusetts, and in the scope and furtherance of his employment with Bayer Corporation.

## COUNT I
## CYNTHIA HOLT VS. PERRY POLLARD
## ASSUALT AND BATTERY

12. The Plaintiff repeats, realleges and incorporates herein by reference the allegations contained in Paragraphs one through eleven of this Complaint.

13. On or about April 26, 2002, the Defendant, Perry Poland committed assault and battery on the Plaintiff at 357 Burnett Road, Chicopee, Massachusetts.

14. As a direct result thereof, the plaintiff was caused to suffer injuries and damages including, a fractured jaw, bruises and abrasions, suffered great pain and anguish of body and mind, and was put to great expense for medical attendance and nursing.

WHEREFORE, the Plaintiff, Cynthia Holt, demands entry of judgment and monetary damages against the Defendant, Perry Pollard, for personal injuries, medical expenses, pain and suffering, interest and costs of this action and any other relief as this Court may deem just and proper under the circumstances.

## COUNT II
## CYNTHIA HOLT VS. PERRY POLLARD
## ASSAULT TO COMMIT RAPE

15. The Plaintiff repeats, realleges and incorporates herein by reference the allegations contained in Paragraphs one through fourteen of this Complaint.

16. On or about April 26, 2002, the Defendant, Perry Poland assaulted to commit rape on the Plaintiff at 357 Burnett Road, Chicopee, Massachusetts.

17. As a direct result thereof, the plaintiff was caused to suffer injuries and damages, including, a fractured jaw, bruises and abrasions, suffered great pain and anguish of body and mind, and was put to great expense for medical attendance and nursing.

WHEREFORE, the Plaintiff, Cynthia Holt, demands entry of judgment and monetary damages against the Defendant, Perry Pollard, for personal injuries, medical expenses, pain and suffering, interest and costs of this action and any other relief as this Court may deem just and proper under the circumstances.

## COUNT III
## CYNTHIA HOLT VS. PERRY POLLARD
## INTENTIONAL INFLICTION OF EMOITIONAL DISTRESS

18. The Plaintiff repeats, realleges and incorporates herein by reference the allegation contained in Paragraphs one through seventeen of this Complaint.

19. On or about April 26, 2002, the Defendant, Perry Poland as a result of the assault and battery and Assault to commit rape on the Plaintiff, has intentionally inflicted emotional distress upon the Plaintiff.

20. As a direct result thereof, the plaintiff was caused to suffer injuries and damages including, a fractured jaw, bruises and abrasions, suffered great pain and anguish of body and mind, and was put to great expense for medical attendance and nursing.

WHEREFORE, the Plaintiff, Cynthia Holt, demands entry of judgment and monetary damages against the Defendant, Perry Pollard, for personal injuries, medical expenses, pain and suffering, interest and costs of this action and any other relief as this Court may deem just and proper under the circumstances.

## COUNT IV
## CYNTHIA HOLT VS. RENAISSANCE HOTEL HOLDINGS, INC., d/b/a
## RAMADA INN CHICOPEE MASSACHUSETTS

21. The Plaintiff repeats, realleges and incorporates herein by reference the allegation contained in Paragraphs one through twenty of this Complaint.

22. On or about April 26, 2002, the Defendant, Renaissance Hotel Holdings, Inc., d/b/a Ramada Inn Chicopee Massachusetts negligently failed to provide a safe atmosphere for its patron, the Plaintiff.

23. As a direct result thereof, the plaintiff was caused to suffer injuries and damages including, a fractured jaw, bruises and abrasions, suffered great pain and anguish of

body and mind, and was put to great expense for medical attendance and nursing.

WHEREFORE, the Plaintiff, Cynthia Holt, demands entry of judgment and monetary damages against the Defendant, Renaissance Hotel Holdings, Inc., d/b/a Ramada Inn Chicopee Massachusetts, for personal injuries, medical expenses, pain and suffering, interest and costs of this action and any other relief as this Court may deem just and proper under the circumstances.

## COUNT V
## CYNTHIA HOLT VS. BAYER CORPORATION

24. The Plaintiff repeats, realleges and incorporates herein by reference the allegation contained in Paragraphs one through twenty-three of this Complaint.

25. The Defendant, Bayer Corporation is negligent as a result of their employee, Perry Pollard's actions, while working as a representative.

26. As a direct result thereof, the plaintiff was caused to suffer injuries and damages including, a fractured jaw, bruises and abrasions, suffered great pain and anguish of body and mind, and was put to great expense for medical attendance and nursing.

WHEREFORE, the Plaintiff, Cynthia Holt, demands entry of judgment and monetary damages against the Defendant, Bayer Corporation, for personal injuries, medical expenses, pain and suffering, interest and costs of this action and any other relief as this Court may deem just and proper under the circumstances.

The Plaintiff, Cynthia Holt

_/s/ Victoria Lauro Wright_
Victoria Lauro Wright, Esquire
Coolidge & Lauro
80 Maple Street
Springfield, MA 01103
(413) 732-1188
(413) 737-8580 (fax)
BBO# 646405

Dated:

≈JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
CYNTHIA HOLT

**DEFENDANTS** PERRY POLLARD, BAYER CORP., AND RENAISSANCE HOTEL HOLDINGS, INC. D/B/A RAMADA INN CHICOPEE MASSACHUSETTS

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

05-30128-MAP

(c) Attorney's (Firm Name, Address, and Telephone Number)
VICTORIA LAURO WRIGHT   413.732.1188
COOLIDGE & LAURO
80 Maple Street, Springfield, MA 01103

Attorneys (If Known) PETER F. CARR, II (BAYER CORP.)
ECKERT SEAMANS CHERIN & MELLOTT, LLC
One International Place, 18th Floor
Boston, MA 02110

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 28 USC sec. 1332
Brief description of cause: PLAINTIFF ALLEGES PERSONAL INJURY ARISING OUT OF SEXUAL ASSAULT

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 750,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: MAY 31, 2005
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) <u>Cynthia Holt v. Perry Pollard, Bayer Corporation,</u>
<u>and Renaissance Hotel Holdngs, Inc. d/b/a Ramada Inn Chicopee Massachusetts</u>

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

- [ ] I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

- [ ] II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.
  *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

- [x] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

- [ ] IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

- [ ] V. 150, 152, 153.

**05 - 30128 - MAP**

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [xx]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [xx]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [xx]

7. Do <u>all</u> of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [x]   NO [ ]

   A. If yes, in which division do <u>all</u> of the non-governmental parties reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [x]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [xx]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME <u>Peter F. Carr, II</u>
ADDRESS <u>Eckert Seamans Cherin & Mellott, LLC, One International Place, 18th Floor</u>
<u>Boston, MA 02110</u>
TELEPHONE NO. <u>617.342.6800</u>

(Coversheetlocal.wpd - 10/17/02)