IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CYNTHIA HOLT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 3:05-cv-30128-MAP |
| ) | |
| PERRY POLLARD, BAYER CORPORATION, ) | (Judge Michael A. Ponsor) |
| and RENAISSANCE HOTEL HOLDINGS, INC. ) | |
| d/b/a RAMADA INN CHICOPEE ) | |
| MASSACHUSETTS, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT BAYER
CORPORATION'S MOTION TO DISMISS THE COMPLAINT**

Bayer Corporation ("Bayer"), defendant above-named, files the following memorandum of law in support of its motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

**Introduction**

Plaintiff Cynthia Holt ("Ms. Holt") filed a lawsuit on or about April 25, 2005 in the Massachusetts Superior Court, which Bayer timely removed to this Court on June 2, 2005. In Ms. Holt's Complaint, she alleges that, while a patron at a Ramada Inn in Chicopee, Massachusetts, she was assaulted by a former employee of Bayer. The assault was done with the intent to commit rape. In addition to naming the assailant as a defendant, Ms. Holt has also named the proprietor of the Inn and Bayer. The former is alleged to have negligently failed to provide a safe atmosphere. The allegation as to Bayer reads as follows: "[Bayer] is negligent as a result of their employee, Perry Pollard's actions, while working as a representative." Complaint ¶ 25.

Ms. Holt's allegation as to Bayer is deficient as a matter of law. Stated simply, one does not commit assault with the intent to commit rape in the scope and furtherance of employment. For that reason, Bayer cannot be held responsible for Pollard's actions toward Ms. Holt. While the Complaint does allege that Pollard was present at the Inn to attend a work seminar "in the scope and furtherance of his employment with Bayer," Complaint ¶ 7, it does not follow as a matter of law that Bayer was responsible for his attempted rape of Ms. Holt. For these reasons, Bayer respectfully submits that the Complaints fails to state a claim upon which relief may be granted and should therefore be dismissed pursuant to Rule 12(b)(6).

### Summary of Allegations of Complaint

Accepting the allegations in the Complaint as true solely for purposes of this motion, Ms. Holt was a patron at a Ramada Inn in Chicopee, Massachusetts, on or about April 26, 2002. Complaint ¶ 5. Defendant Pollard was also a patron of the Inn at the same time. Complaint ¶ 6. Pollard, an Indiana resident, was an employee of Bayer. Complaint ¶¶ 2, 6. Pollard was in Massachusetts and staying at the Inn in connection with a work seminar. Complaint ¶ 7 (Pollard "was on business attending a work seminar at the [Inn] in the scope and furtherance of his employment with Bayer Corporation").

On the date noted above, Pollard "committed assault and battery" on, and "assaulted to commit rape," Ms. Holt. Complaint ¶¶ 10-11. The incident occurred at the Inn. *Id.* Ms. Holt suffered injuries as a result of Pollard's assault. Complaint ¶ 14.

### Argument

**1.    *Standard for Rule 12 (b)(6) Motion***

Rule 8 (a)(2) of the Federal Rules of Civil Procedure requires of a complaint only that it contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

{K0304531.1}                                           2

This statement must, however, "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Rivera v. Rhode Island*, 402 F. 3d 27, 33 (1st Cir. 2005), *citing*, *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

Turning to Bayer's motion, this Court recently discussed the standard of review applicable to a motion to dismiss pursuant to Rule 12(b)(6) in these terms:

> A motion to dismiss pursuant to Rule 12(b)(6) is a threshold challenge by one party to the adequacy of one or more claims set forth in another party's complaint.... The party filing the 12(b)(6) motion asserts that one or more of the plaintiff's claims must fail because the underlying allegations, even if true, fail "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Accordingly, "the appropriate inquiry on a motion to dismiss is whether, based on the allegations of the complaint, the plaintiffs are entitled to offer evidence in support of their claims."... Furthermore, in "reviewing a . . . motion [to dismiss], a court is generally required to (1) treat all of the non-movant's factual allegations as true and (2) draw all reasonable factual inferences that arise from the allegations and are favorable to the non-movant."... "If under any theory the complaint is 'sufficient to state a cause of action in accordance with the law, a motion to dismiss the complaint must be denied.'"

\* \* \*

> ... It is axiomatic that on a motion to dismiss for failure to state a claim, courts "require more than conclusions or subjective characterizations."... The plaintiff must make "at least the allegation of a minimal factual setting. It is not enough to allege a general scenario which could be dominated by unpleaded facts...." Id. Or as Judge Selya put it:

>> In connection with run-of-the-mill motions brought under Rule 12(b)(6), a reviewing court is obliged neither to "credit bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation" ... nor to honor subjective characterizations, optimistic predictions, or problematic suppositions.... "Empirically 'unverifiable' conclusions, not "logically compelled, or at least supported by the stated facts," deserve no deference....

> AVX Corp., 962 F.2d at 115 (Emphasis supplied); see also Bartolomeo v. Liburdi, 1999 U.S. Dist. LEXIS 2701, No. 97-0624-ML, 1999 WL 143097, *4 (D.R.I., Feb. 4, 1999)("Under a Rule 12(b)(6) motion to dismiss, a claim must be supported by underlying facts and not mere conclusory allegations.").

*Eggert v. Merrimac Paper Co.*, 311 F. Supp. 2d 245, 247, 257-58 (D. Mass. 2004) (citations omitted); *see also Centro Medico del Turabo, Inc. v. Feliciano de Melecio*, 406 F. 3d 1, 5 (1st

Cir. 2005) (quoting *Aulson v. Blanchard,* 83 F. 3d 1, 3 (1st Cir. 1996)). Dismissal of a complaint is appropriate, therefore, if "the pleadings fail to set forth 'factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'" *Id.* (quoting *Berner v. Delahanty,* 129 F. 3d 20, 25 (1st Cir. 1997)).

### 2. *The Complaint Does Not Disclose a Legal Basis for Relief Against Bayer*

Ms. Holt's Complaint alleges that Pollard was in attendance at a seminar at the Inn in the course and scope of his employment, and, in Count V, that Bayer is liable as a result of its employee's "action, while working as a representative." This appears to allege a claim based upon purported vicarious liability or *respondeat superior.*

A three-element test determines an employer's vicarious liability for torts committed by an employee, stated as follows by the Supreme Judicial Court in *Mosko v. Raytheon Co.,* 416 Mass. 395, 622 N.E.2d 1066 (1993), a case in which the court held, on a motion to dismiss, that an employer was not liable for a vehicle accident resulting from an employee's excessive drinking at an employer-sponsored Christmas party:

> The conduct of an agent is within the scope of employment if it is of the kind he is employed to perform; if it occurs substantially within the authorized time and space limits; and if it is motivated, at least in part, by a purpose to serve the employer.

*Id.* at 399, 622 N.E.2d 1068; *see also Wang Labs, Inc. v. Business Incentives, Inc.,* 398 Mass. 854, 859, 501 N.E.2d 1163 (1986). Where the employee "acts from purely personal motives ... in no way connected with the employer's interests," he is not acting within the scope of his employment. *Pinshaw v. Metropolitan Dist. Commission.,* 402 Mass. 687, 694-695, 524 N.E.2d 1351 (1988) (quoting from Prosser & Keeton, *Torts* § 506 (5th ed. 1984)).

In *Doe v. Purity Supreme, Inc.,* the Massachusetts Supreme Court addressed the issue of whether a rape and sexual assault could be found to have been committed in the course and

scope of employment by the defendant employer's assistant store manager, where the victim was also an employee of the defendant. The trial court had granted summary judgment against the plaintiff.[1] In affirming, the court quoted with approval the trial judge's holding that there was no evidence "that the defendants authorized or directed the [assistant store manager's] conduct or that his action was the kind of action that Purity Supreme employed him to perform." *Id.* at 568, 664 N.E.2d at 820. The court then added:

> Similarly, rape and sexual assault of an employee do not serve the interests of the employer. Consequently, the plaintiffs have failed to allege facts that would show that the assistant store manager was acting within the scope of employment."

*Id.* (citations and internal quotation marks omitted); *see also Beal v. Broadard*, 19 Mass. L. Rep. 114, 2005 Mass. Super. LEXIS 125 *23-24 (Mass. Super. Feb. 4, 2005) ("sexual assault clearly falls outside the purview of any conceivable employment relationship ....").

One of the precedents relied upon by the court in *Doe, supra,* was *O'Connell v. Chasdi*, 400 Mass. 686, 511 N.E.2d 349 (1987). In that case, the court held that an employee was not protected by the Workers' Compensation Law's immunity against common law claims of assault and battery, where his acts of sexual harassment committed against the plaintiff, a co-employee, were "in no way within the scope of employment furthering the interests of the employer." *Id.* at 690, 511 N.E.2d at 351. The Court said that "liability for such intentional torts is not part of the circumstances of employment, unlike liability for negligently injuring others in the course of employment. Such intentional torts are not an accepted risk of doing business." *Id* at 690-91, 511 N.E.2d at 352.

---

[1] The claims based upon the assault were held to be barred by the exclusivity provision of the Workers' Compensation Law. Discussion of vicarious liability was in the context of a claim by the victim of false imprisonment.

In *Timpson v. Transamerica Ins. Co.*, 41 Mass. App. Ct. 344, 669 N.E.2d 1092 (1996), the Massachusetts Appeals Court held that a football player's sexual harassment of a reporter in the locker room after a game did not, as a matter of law, constitute conduct that was within the course and scope of his employment. As to the first element of the course and scope of employment test, the court stated that "the conduct in which [Timpson] allegedly did participate, sexual harassment, was not the kind of conduct that he ever would be legally employed to perform." As to the third element of the test, the court observed that "it is difficult to envisage how Timpson's alleged conduct of encouraging Mowatt's behavior could ever be perceived as serving his employer. It is axiomatic that an employee is *not* serving his employer if he is acting counter to the Patriots' interests in maintaining good relations with the news media and counter to his employment contract. Such conduct is not performed in an effort to advance the Patriots' interests, but rather serves purely personal motives." *Id* at 349-50, 669 N.E.2d at 1096.

In *Beal v. Broadard, supra*, the Massachusetts Appeals Court held that an alleged sexual assault during a Bible Study conducted by an employee of defendant was not within the course and scope of employment, stating that:

> Nonetheless, sexual assault clearly falls outside the purview of any conceivable employment relationship, and no rational jury could conclude that the sexual assaults were committed in furtherance of the Jehovah's Witness Congregations.

*Id.* at *23-24.[2]

Turning to the Complaint in the present case, Ms. Holt alleges that Pollard's presence at the Inn was within the course of his employment because he was there to attend a work-related

---

[2] In addition to the above-reviewed case law, which shows that, as a matter of law, an intentional sexual assault and rape does not come within the course and scope of employment under Massachusetts law, there is ample authority from other courts holding the same thing. *Wilson v. Danka Corp.*, 2002 WL 31929120 (S.D.N.Y. January 28, 2003) (on Rule 12 (b)(6) motion, holding that employer is not vicariously liable for a sexual assault by its employee under New York law); *Rachel-Smith v. FTData, Inc.*, 202 F. Supp. 2d 400, 405 (D. Md. 2002) (same holding on Rule 12 (b)(6) Motion under Maryland law); *see also Primeaux v. U.S.*, 181 F. 3d 876, 882 (8th Cir. 1999); *Hallett v. U.S.*, 877 F. Supp. 1423, 1429 (D. Nev. 1995).

seminar. Complaint ¶ 7. That assertion overlooks the critical issue—whether the tortious act itself was committed within the course and scope of employment. The allegation that Pollard was engaged in the course and scope of his employment by Bayer when he attended the seminar is clearly insufficient to support liability against Bayer, on a theory of vicarious liability, in connection with a sexual assault which occurred at some time of day and some place in the Inn at which Pollard was staying and Ms. Holt was a patron. *Cf. Beal v. Broadard*, 2005 Mass. Super. LEXIS 125 * 23-24 (not enough for plaintiff to show that a sexual assault occurred during time and space associated with employment if other two elements of test are not also present); *Timpson v. Transamerica Ins. Co.*, *supra* (same). As a matter of law, such an assault fails to satisfy two of the three elements necessary for vicarious liability of an employer.

## Conclusion

For the reasons stated above, Bayer respectfully submits that its motion to dismiss should be granted and that Ms. Holt's Complaint should be dismissed with prejudice for failure to state a claim upon which relief can be granted.[3]

---

[3] Bayer acknowledges that the word "negligent" is used in Count V, but submits that it amounts to the very type of "conclusion or subjective characterizations, devoid of even a "minimal factual setting," that this Court has refused to accept. *See Eggert v. Merrimac Paper Co.*, 311 F. Supp. 2d at 257-58. A comparison of the Complaint to applicable law supports the wisdom of that position. For example, "[I]t is a fundamental principle of the law of negligence that liability will not lie in the absence of a legal duty owed by the defendant to the plaintiff." *Ciccone v. US Airways, Inc.*, 144 F. Supp. 2d 30, 36 (D. Mass. 2001); *Corsetti v. The Stone Co.*, 396 Mass. 1, 23, 483 N.E.2d 793 (1985) (plaintiff asserting negligence claim must establish that defendant owed the plaintiff a particular duty of care, that the defendant breached it, and that the breach caused harm to plaintiff). Whether a legal duty exists is a question of law for the court to decide. *Davis v. Westwood* Group, 420 Mass. 739, 742-43, 652 N.E.2d 567 (1995). As a general rule, there is no duty to protect one from the criminal conduct of another. *Luoni v. Berube*, 431 Mass. 729, 731, 729 N.E.2d 1108 (2000). In the Complaint in this case, Ms. Holt offers no basis to impose a duty of care on the part of Bayer. There is no suggestion that Bayer knew or should have known that Pollard was unfit and posed a danger to others with whom he was likely to come into contact. *Cf. Armstrong v. Lamy*, 938 F. Supp. 1018, 1046 (D. Mass. 1996); *Foster v. The Loft, Inc.*, 26 Mass. App. 289, 526 N.E.2d 1309 (1988). Nor is there any allegation that Ms. Holt was a customer or business invitee of Bayer or otherwise within the ambit of persons to whom a duty was owed in respect of the fitness for duty of its employee. *Cf. Coughlin v. Titus & Bean Graphics, Inc.*, 54 Mass. App. 633, 639, 767 N.E.2d 106, 111 (2002).

Respectfully submitted,

_____
Peter F. Carr (BBO#600069)
Eckert Seamans Cherin & Mellott LLC
One International Place
18th Floor
Boston, MA 02110
Telephone 617-342-6853
Facsimile 617-342-6899

John J. Myers
Eckert Seamans Cherin & Mellott LLC
44th Floor, 600 Grant Street
Pittsburgh, PA 15219
Telephone 412-566-5900
Facsimile 412-566-6099

Counsel for Defendant
Bayer Corporation

## CERTIFICATE OF SERVICE

I certify that on the \_10\_ day of June, 2005, a true copy of the foregoing Memorandum of Law in Support of Defendant Bayer Corporation's Motion to Dismiss was served on all parties, addressed as follows:

>Victoria Lauro Wright, Esquire
>Coolidge & Lauro
>80 Maple Street
>Springfield, MA 01103
>Counsel for Plaintiff
>
>Brian Blackburn, Esq.
>P.O. Box 210
>Northhampton, MA 01061
>Counsel for Perry Pollard
>
>Barney Joseph, Esq.
>Marriott International, Inc.
>10400 Fernwood Road
>Bethesda, MD 20817
>Counsel for Renaissance Hotel Holdings, Inc.

_____
Peter F. Carr