MAS-20041213
copesher

Case 3:05-cv-30128-MAP    Document 5    Filed 06/15/2005    Page 1 of 22

Commonwealth of Massachusetts

06/09/2005
0::34 PM

HAMPDEN SUPERIOR COURT
**Case Summary**
**Civil Docket**

JUN 1 3 2005

## HDCV2005-00422
## Holt v Pollard et al

*OSCV 30128-MAP*

| | | | | | |
|---|---|---|---|---|---|
| **File Date** | 04/25/2005 | **Status** | Disposed: transfered to other court (dtrans) | | |
| **Status Date** | 06/09/2005 | **Session** | A - Civil A - CtRm 6 | | |
| **Origin** | 1 | **Case Type** | B04 - Other negligence/pers injury/pro | | |
| **Lead Case** | | **Track** | F | | |

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 07/24/2005 | **Answer** | 09/22/2005 | **Rule12/19/20** | 09/22/2005 |
| **Rule 15** | 09/22/2005 | **Discovery** | 02/19/2006 | **Rule 56** | 03/21/2006 |
| **Final PTC** | 04/20/2006 | **Disposition** | 06/19/2006 | **Jury Trial** | Yes |

---

**Plaintiff**
Cynthia Holt
Active 04/25/2005

**Private Counsel 646405**
Victoria D Lauro Wright
Cooledge & Lauro
80 Maple Street
Springfield, MA 01103
Phone: 413-732-1188
Fax: 413-737-8580
Active 04/25/2005 Notify

**Defendant**
Perry Pollard
Served: 04/30/2005
Answered: 05/24/2005
Answered 05/24/2005

**Private Counsel 044420**
Brian L Blackburn
Green Miles Lipton White & Fitz-Gibbon
77 Pleasant Street
Box 210
Northampton, MA 01061-0210
Phone: 413-586-8218
Fax: 413-584-6278
Active 05/24/2005 Notify

**Defendant**
Bayer Corporation
Served: 05/03/2005
Served (answr pending) 05/11/2005

**Private Counsel 600069**
Peter F Carr II
Eckert Seamans Cherin & Mellott
One International Place
18th floor
Boston, MA 02110
Phone: 617-342-6800
Fax: 617-342-6899
Active 06/09/2005 Notify

**Defendant**
Renaissance Hotel Holdings Inc d/b/a
Served: 05/03/2005
Served (answr pending) 05/11/2005

---

Commonwealth of Massachusetts
HAMPDEN SUPERIOR COURT
Case Summary
Civil Docket

## HDCV2005-00422
## Holt v Pollard et al

**Doing busnss as (alias)**
Ramada Inn Chicopee Massachusetts
Active 04/25/2005

**Out-of-state attorney**
Bernard A Joseph
Marriott International Corp
Marriott Drive,Dept. 52/923.21
Washington, DC 20058
Phone: 301-380-1114
for deft. Rennaissance Hotel Holdings Inc
Active 06/09/2005 Notify

| Date | Paper | Text |
|------|-------|------|
| 04/25/2005 | 1.0 | Complaint & civil action cover sheet filed |
| 04/25/2005 | | Origin 1, Type B04, Track F. |
| 05/11/2005 | 2.0 | SERVICE RETURNED: Perry Pollard(Defendant) |
| 05/11/2005 | 3.0 | SERVICE RETURNED: Renaissance Hotel Holdings Inc d/b/a(Defendant) |
| 05/11/2005 | 4.0 | SERVICE RETURNED: Bayer Corporation(Defendant) |
| 05/24/2005 | 5.0 | Atty Brian L Blackburn's notice of appearance for Perry Pollard. |
| 05/24/2005 | 6.0 | ANSWER: Perry Pollard (Defendant) - TO |
| 06/09/2005 | 7.0 | Notice for Removal to the United States District Court filed by Bayer Corporation. |
| 06/09/2005 | 8.0 | Case REMOVED this date to US District Court of Massachusetts. |

A TRUE COPY
OF THE DOCKET MINUTES
IN WITNESS WHEREOF, I hereunto
set my hand, and have caused the seal
of the Superior Court for the County
of Hampden to be affixed on this
10th day of June, 2005

Deputy Assistant Clerk

COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF THE TRIAL COURT

HAMPDEN, ss.                                                    SUPERIOR COURT DEPARTMENT
                                                                        CIVIL ACTION NO.

                                                                                    65   422

CYNTHIA HOLT,                          APR 26 2005      )
        Plaintiff                                                          )
                                                                           )
                                                                           )
v.                                                                        )        COMPLAINT AND DEMAND
                          CLERK-MAGISTRATE                 )                FOR JURY TRIAL
                                                                           )
PERRY POLLARD, BAYER CORPORATION,             )
And RENAISSANCE HOTEL HOLDINGS, INC.,      )
d/b/a RAMADA INN CHICOPEE                        )
MASSACHUSETTS,                                          )
        Defendants                                              )

## PARTIES

1.      The Plaintiff, Cynthia Holt, is a natural person currently residing at 1168 Parker
        Street, Springfield, Hampden County, Massachusetts.

2.      The Defendant, Perry Pollard, is a natural person who at the time of the incident,
        resided at 1084 Sunset Drive, Lawrenceburg, Indiana, and upon information and
        belief was employed by the Defendant, Bayer Corporation.

3.      The Defendant, Bayer Corporation, is a foreign corporation doing business in
        Massachusetts with a place of business at 100 Bayer Road, Pittsburgh, Pennsylvaria,
        and upon information and belief was the employer of Perry Pollard, and has an
        Agent of Service of CT Corporation System, 101 Federal Street, Boston,
        Massachusetts.

4.      The Defendant, Renaissance Hotel Holdings, Inc., d/b/a Ramada Inn Chicopee
        Massachusetts is a is a foreign corporation doing business in Massachusetts with a
        place of business at 357 Burnett Road, Chicopee, Hampden County, Massachusetts,
        and has an Agent of Service of CT Corporation System, 101 Federal Street,
        Boston, Massachusetts.

## FACTS

5.      On or about April 26, 2002, the Plaintiff, Cynthia Holt, was a patron of the
        Defendant, Renaissance Hotel Holdings, Inc., d/b/a Ramada Inn Chicopee
        Massachusetts, located at 357 Burnett Road, Chicopee, Hampden County,
        Massachusetts.

6.      On April 26, 2002, the Defendant, Perry Pollard, was a patron of the Defendant,
        Renaissance Hotel Holdings, Inc., d/b/a Ramada Inn Chicopee Massachusetts,
        located at 357 Burnett Road, Chicopee, Hampden County, Massachusetts.



7.  On the aforementioned date and time, the Defendant, Perry Pollard, who was on business attending a work seminar at the Defendant, Renaissance Hotel Holdings, Inc., d/b/a Ramada Inn Chicopee Massachusetts, in the scope and furtherance of his employment with Bayer Corporation.

8.  At all relevant times, the Defendant, Renaissance Hotel Holdings, Inc., d/b/a Ramada Inn Chicopee Massachusetts was in possession and control of the premises located at 357 Burnett Road, Chicopee, Massachusetts.

9.  At all relevant times, the Plaintiff was lawfully on the Defendant, Renaissance Hotel Holdings, Inc., d/b/a Ramada Inn Chicopee Massachusetts premises.

10. On the aforementioned date and time, the Defendant, Perry Pollard, committed assault and battery on the Plaintiff on the premises owned by Renaissance Hotel Holdings, Inc., d/b/a Ramada Inn Chicopee Massachusetts, and in the scope and furtherance of his employment with Bayer Corporation.

11. On the aforementioned date and time, the Defendant, Perry Pollard, assaulted to commit rape on the Plaintiff on the premises owned by Renaissance Hotel Holdings, Inc., d/b/a Ramada Inn Chicopee Massachusetts, and in the scope and furtherance of his employment with Bayer Corporation.

## COUNT I
### CYNTHIA HOLT VS. PERRY POLLARD
### ASSUALT AND BATTERY

12. The Plaintiff repeats, realleges and incorporates herein by reference the allegations contained in Paragraphs one through eleven of this Complaint.

13. On or about April 26, 2002, the Defendant, Perry Poland committed assault and battery on the Plaintiff at 357 Burnett Road, Chicopee, Massachusetts.

14. As a direct result thereof, the plaintiff was caused to suffer injuries and damages, including, a fractured jaw, bruises and abrasions, suffered great pain and anguish of body and mind, and was put to great expense for medical attendance and nursing.

WHEREFORE, the Plaintiff, Cynthia Holt, demands entry of judgment and monetary damages against the Defendant, Perry Pollard, for personal injuries, medical expenses, pain and suffering, interest and costs of this action and any other relief as this Court may deem just and proper under the circumstances.

## COUNT II
### CYNTHIA HOLT VS. PERRY POLLARD
### ASSAULT TO COMMIT RAPE

15. The Plaintiff repeats, realleges and incorporates herein by reference the allegations contained in Paragraphs one through fourteen of this Complaint.

16.     On or about April 26, 2002, the Defendant, Perry Poland assaulted to commit rape on the Plaintiff at 357 Burnett Road, Chicopee, Massachusetts.

17.     As a direct result thereof, the plaintiff was caused to suffer injuries and damages, including, a fractured jaw, bruises and abrasions, suffered great pain and anguish of body and mind, and was put to great expense for medical attendance and nursing.

        WHEREFORE, the Plaintiff, Cynthia Holt, demands entry of judgment and monetary damages against the Defendant, Perry Pollard, for personal injuries, medical expenses, pain and suffering, interest and costs of this action and any other relief as this Court may deem just and proper under the circumstances.

## COUNT III
### CYNTHIA HOLT VS. PERRY POLLARD
### INTENTIONAL INFLICTION OF EMOITIONAL DISTRESS

18.     The Plaintiff repeats, realleges and incorporates herein by reference the allegations contained in Paragraphs one through seventeen of this Complaint.

19.     On or about April 26, 2002, the Defendant, Perry Poland as a result of the assault and battery and Assault to commit rape on the Plaintiff, has intentionally inflicted emotional distress upon the Plaintiff.

20.     As a direct result thereof, the plaintiff was caused to suffer injuries and damages, including, a fractured jaw, bruises and abrasions, suffered great pain and anguish of body and mind, and was put to great expense for medical attendance and nursing.

        WHEREFORE, the Plaintiff, Cynthia Holt, demands entry of judgment and monetary damages against the Defendant, Perry Pollard, for personal injuries, medical expenses, pain and suffering, interest and costs of this action and any other relief as this Court may deem just and proper under the circumstances.

## COUNT IV
### CYNTHIA HOLT VS. RENAISSANCE HOTEL HOLDINGS, INC., d/b/a
### RAMADA INN CHICOPEE MASSACHUSETTS

21.     The Plaintiff repeats, realleges and incorporates herein by reference the allegations contained in Paragraphs one through twenty of this Complaint.

22.     On or about April 26, 2002, the Defendant, Renaissance Hotel Holdings, Inc., d/b/a Ramada Inn Chicopee Massachusetts negligently failed to provide a safe atmosphere for its patron, the Plaintiff.

23.     As a direct result thereof, the plaintiff was caused to suffer injuries and damages, including, a fractured jaw, bruises and abrasions, suffered great pain and anguish of

body and mind, and was put to great expense for medical attendance and nursing.

WHEREFORE, the Plaintiff, Cynthia Holt, demands entry of judgment and monetary damages against the Defendant, Renaissance Hotel Holdings, Inc., d/b/a Ramada Inn Chicopee Massachusetts, for personal injuries, medical expenses, pain and suffering, interest and costs of this action and any other relief as this Court may deem just and proper under the circumstances.

## COUNT V
## CYNTHIA HOLT VS. BAYER CORPORATION

24.    The Plaintiff repeats, realleges and incorporates herein by reference the allegations contained in Paragraphs one through twenty-three of this Complaint.

25.    The Defendant, Bayer Corporation is negligent as a result of their employee, Perry Pollard's actions, while working as a representative.

26.    As a direct result thereof, the plaintiff was caused to suffer injuries and damages, including, a fractured jaw, bruises and abrasions, suffered great pain and anguish of body and mind, and was put to great expense for medical attendance and nursing.

WHEREFORE, the Plaintiff, Cynthia Holt, demands entry of judgment and monetary damages against the Defendant, Bayer Corporation, for personal injuries, medical expenses, pain and suffering, interest and costs of this action and any other relief as this Court may deem just and proper under the circumstances.

The Plaintiff, Cynthia Holt

Victoria Lauro Wright, Esquire
Coolidge & Lauro
80 Maple Street
Springfield, MA 01103
(413) 732-1188
(413) 737-8580 (fax)
BBO# 646405

Dated: 4/25/05

A true copy:

Attest:

Deputy Assistant Clerk

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 05- 422 | Trial Court of Massachusetts Superior Court Department County: HAMPDEN |
|---|---|---|

| PLAINTIFF(S) CYNTHIA HOLT | DEFENDANT(S) PERRY POLLARD, BAYER CORPORATION, and RENAISSANCE HOTEL HOLDINGS, INC. d/b/a RAMADA INN CHICOPEE MASSACHUSETTS |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE 413 732-1188 VICTORIA LAURO WRIGHT, ESQUIRE 80 MAPLE STREET, SPRINGFIELD, MA01103 Board of Bar Overseers number: 646405 | ATTORNEY (if known) |

## Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B04 | Negligence personal injury | ( F ) | ( X )Yes     ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages.  For this form, disregard double or treble damage claims; indicate single damages only.

## TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 550.00
2. Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 4000.00
3. Total chiropractic expenses . . . . . . . . . . . . . . . . . . HAMPDEN COUNTY $ 0
4. Total physical therapy expenses . . . . . . . . . . . . . . . SUPERIOR COURT $ 0
5. Total other expenses (describe) . . . . . . . . . . . . . . . . FILED $ 0
   APR 25 2005                                        Subtotal $ 4,550.00
B. Documented lost wages and compensation to date . . . . . . . . . . . . $ unknown
C. Documented property damages to date . . . . . . . . . . . . . . . . . . . . $ 0
D. Reasonably anticipated future medical and hospital expenses . . . . . $ unknown
E. Reasonably anticipated lost wages . . . . . . *Marie L. Mazza* . . . . . . . . $ unknown
   CLERK/MAGISTRATE
F. Other documented items of damages (describe)
                                                                        $ . . . . . . . . . . .
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
   The Plaintiff sustained a fractured jaw, abrasions, bruises
   and psychological injuries which are severe and permanent.
   The plaintiff requires surgery to repair her jaw.
                                                              $ . . . . . . . . . . .
                                                      TOTAL $ 750,000.00

## CONTRACT CLAIMS
(Attach additional sheets as necessary)

A true copy.

Provide a detailed description of claim(s):

Attest:

*[signature]*

Deputy Assistant Clerk                                     TOTAL $ . . . . . . . . . . .

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record *Victoria Lauro Wright*                    DATE: 4/25/05

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

## CIVIL ACTION COVER SHEET
## INSTRUCTIONS

### SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

| CONTRACT | | | REAL PROPERTY | | | MISCELLANEOUS | | |
|---|---|---|---|---|---|---|---|---|
| .01 | Services, labor and materials | (F) | C01 | Land taking (eminent domain) | (F) | E02 | Appeal from administrative | (X) |
| 02 | Goods sold and delivered | (F) | C02 | Zoning Appeal, G.L. c.40A | (F) | | Agency G.L. c. 30A | |
| 08 | Commercial Paper | (F) | C03 | Dispute concerning title | (F) | E03 | Action against Commonwealth | |
| 09 | Sale or lease of real estate | (F) | C04 | Foreclosure of mortgage | (X) | | Municipality, G.L. c.258 | (X) |
| 12 | Construction Dispute | (A) | C05 | Condominium lien and charges | (X) | E05 | All Arbitration | (X) |
| 99 | Other (Specify) | (F) | C99 | Other (Specify) | (F) | E07 | c.112,s.12S (Mary Moe) | (X) |
| | **TORT** | | | | | E08 | Appointment of Receiver | (X) |
| 03 | Motor Vehicle negligence- | | | **EQUITABLE REMEDIES** | | E09 | General contractor bond, | |
| | personal injury/property damage | (F) | D01 | Specific performance of contract | (A) | | G.L. c.149,s.29,29a | (X) |
| 04 | Other negligence-personal | | D02 | Reach and Apply | (F) | E11 | Workman's Compensation | (X) |
| | injury/property damage | (F) | D06 | Contribution or Indemnification | (F) | E14 | Chapter 123A Petition-SDP | (X) |
| 05 | Products Liability | (A) | D07 | Imposition of Trust | (A) | E15 | Abuse Petition, G.L.c.209A | (X) |
| 06 | Malpractice-medical | (A) | D08 | Minority Stockholder's Suit | (A) | E16 | Auto Surcharge Appeal | (X) |
| 07 | Malpractice-other(Specify) | (A) | D10 | Accounting | (A) | E17 | Civil Rights Act, G.L.c.12,s.11H | (A) |
| 08 | Wrongful death,G.L.c.229,s2A | (A) | D12 | Dissolution of Partnership | (F) | E18 | Foreign Discovery proceeding | (X) |
| 15 | Defamation (Libel-Slander) | (A) | D13 | Declaratory Judgment G.L.c.231A | (A) | E96 | Prisoner Cases | (F) |
| 19 | Asbestos | (A) | D99 | Other (Specify) | (F) | E97 | Prisoner Habeas Corpus | (X) |
| 20 | Personal Injury-Slip&Fall | (F) | | | | E99 | Other (Specify) | (X) |
| 21 | Environmental | (A) | | | | | | |
| 22 | Employment-Discrimination | (F) | | | | | | |
| 99 | Other (Specify) | (F) | | | | | | |

### TRANSFER YOUR SELECTION TO THE FACE SHEET.

EXAMPLE:

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | (F) | ☒ Yes ☐ No |

CLERKS OFFICE SUPERIOR COURT HAMPDEN COUNTY
2005 APR 25 P 1:33

### SUPERIOR COURT RULE 29

**UTY OF THE PLAINTIFF.** The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as ecessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money amages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant gether with the complaint. If a statement of money damages, where appropriate is not filed, the Clerk-Magistrate shall transfer e action as provided in Rule 29(5)(C).

**UTY OF THE DEFENDANT.** Should the defendant believe the statement of damages filed by the plaintiff in any respect adequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which ay result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

### A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT, BUFF COLOR PAPER.

### FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
### MAY RESULT IN DISMISSAL OF THIS ACTION.

TORT · MOTOR VEHICLE TORT · CONTRACT · EQUITABLE RELIEF · OTHER

## COMMONWEALTH OF MASSACHUSETTS

HAMPDEN COUNTY
SUPERIOR COURT
FILED

MAY 11 2005

*Marie G. Mazza*
CLERK-MAGISTRATE

HAMPDEN, ss.

HAMPDEN SUPERIOR COURT
FILED
APR 25 2005
*Marie G. Mazza*
CLERK-MAGISTRATE

SUPERIOR COURT
DEPARTMENT OF THE TRIAL COURT
CIVIL ACTION
NO. 05 422

*Cynthia Holt* , PLAINTIFF(S)

V

*Perry Pollard, Bayer Corporation,* DEFENDANT(S)
*Renaissance Hotel Holdings*

## SUMMONS

To the above named defendant: *Perry Pollard*

You are hereby summoned and required to serve upon *Victoria Laura Wright* *80 Maple Street, Springfield, MA 01103* , plaintiff's attorney, whose address is answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Springfield either before service upon the plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esq., at Springfield the _____ 25 _____ day of
_____ April _____ in the year of our Lord two thousand three FIVE

**A true copy:**

Attest:

*Short Cye*
Deputy **Assistant Clerk**

*Marie G. Mazza*
Clerk / Magistrate

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM No.1

NOTICE TO DEFENDANT -- You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office.

2

## PROOF OF SERVICE OF PROCESS

I hereb~ ... vithin
summ~ ... n the
within ... )(1-5):

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Received by (Please Print Clearly)      B. Date of Delivery<br>                                                      4-30-05<br>C. Signature<br>X  _Melinda Pollard_   □ Agent<br>                                      □ Addressee<br>D. Is delivery address different from item 1? □ Yes<br>   If YES, enter delivery address below:    □ No |
| 1. Article Addressed to:<br><br>Mr. Perry Pollard<br>1084 Sunset Drive<br>Lawrenceburg, Indiana 47025 | 3. Service Type<br>□ Certified Mail    □ Express Mail<br>□ Registered        □ Return Receipt for Merchandise<br>□ Insured Mail      □ C.O.D.<br>4. Restricted Delivery? (Extra Fee)        □ Yes |
| 2. Article Number (Copy from service label) | 7002 0510 0001 0799 1965 |

PS Form 3811, July 1999          Domestic Return Receipt          102595-00-M-0952

Dated:

### N.B. TO PROCESS SERVER:
PLEASE PLACE <u>DATE</u> YOU MAKE SERVICE ON DEFENDANT IN THIS
BOX <u>ON THE ORIGINAL AND ON THE COPY SERVED ON DEFENDANT.</u>

CLERKS OFFICE
SUPERIOR COURT
HAMPDEN COUNTY

2005 MAY 11  A 10: 10

(                                    )
(                       , 2003 )
(                                    )

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT OF THE COMMONWEALTH

HAMPDEN, SS                                    SUPERIOR COURT
                                               Civil Action No.  05 422


CYNTHIA HOLT,                          )
          Plaintiff                    )
                                       )
vs.                                    )          **Affidavit Of Compliance With**
                                       )          **M.G.L.A. Chapter 223A, Section 6**
PERRY POLLARD,                         )
BAYER CORPORATION, And                 )
RENAISSANCE HOTEL HOLDINGS,            )
INC., d/b/a RAMADA INN CHICOPEE        )
MASSACHUSETTS                          )
DAVID S. PRATT,                        )
          Defendants                   )


        Now comes Victoria Lauro Wright of Springfield, County of Hampden,

Commonwealth of Massachusetts, attorney for the Plaintiff, and being duly sworn,

deposes and states that:

1.      On April 25, 2005, as attorney for said Plaintiff, I forwarded to the

        Defendant, Perry Pollard, by certified mail, return receipt requested to the

        address of said Defendant, that being 1084 Sunset Drive, Lawrenceburg, Indiana

        47025, notice of institution of the above-captioned action, together with a copy of

        the Complaint, Summons and Civil Action Cover Sheet.

2.      On or about May 6, 2005, I received from the U.S. Postal Service,

        Springfield, the certified mail return receipt appended hereto pertaining to the

        item of certified mail mentioned in Paragraph 1.

3.    This Affidavit of Compliance is executed in pursuance of the requirements of

M.G.L.A. Chapter 223A, Section 6.

Victoria Lauro Wright - BBO #646405
COOLEDGE & LAURO
80 Maple Street
Springfield, MA 01105
(413) 732-1188 – telephone
(413) 737-8580 – facsimile

SUBSCRIBED AND SWORN THIS 9th DAY OF MAY, 2005 BEFORE ME,

Diane Sweeney, Notary Public
My Commission Expires: 10/29/10

DIANE SWEENEY
Notary Public
Commonwealth of Massachusetts
My Commission Expires Oct 29, 2010

**A true copy:**

**Attest:**

Dyuty **Assistant Clerk**

TORT — MO R VEHICLE TOR — CONTRACT - EQUIT — LE RELIEF - OTHER

# COMMONWEALTH OF MASSACHUSETTS

HAMPDEN COUNTY
SUPERIOR COURT
FILED

MAY 11 2005

**HAMPDEN, ss.**

**SUPERIOR COURT**
**DEPARTMENT OF THE TRIAL COURT**
**CIVIL ACTION**
**NO.** 05-422

*Cynthia Holt*
, PLAINTIFF(S)

v.

**SUMMONS**

*Perry Pollard, Bayer Corporation,* DEFENDANT(S)
*Renaissance Hotel Holdings*

To the above named defendant: *Renaissance Hotel Holdings Inc. Agent for Service CT Corporation System*

You are hereby summoned and required to serve upon *Victoria Laura Wright 80 Maple Street, Springfield MA 01103*, plaintiff's attorney, whose address is _____, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Springfield either before service upon the plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esq., at Springfield the 25 day of April in the year of our Lord two thousand three 05

**A true copy:**

**Attest:**

_____ Assistant Clerk

_Marie G. Mazza_
Clerk / Magistrate

NOTES
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM No.1

**NOTICE TO DEFENDANT** -- You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____, 2003, I served a copy of the within summons, together with a copy of the original complaint, in this action, upon the within named defendant, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5):

_____

_____

_____

_____

_____

Dated:_____, 2003

### N.B. TO PROCESS SERVER:
PLEASE PLACE <u>DATE</u> YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON THE COPY SERVED ON DEFENDANT.

CLERKS OFFICE
SUPERIOR COURT
HAMPDEN COUNTY

2005 MAY 11 A 10:50

(            )
(         , 2003 )
(            )

**A true copy:**

Attest:

_____
Deputy/**Assistant Clerk**



**Suffolk County Sheriff's Department** • 45 Bromfield Street • Boston, MA 02108 • (617) 989-6999

*Suffolk, ss.*

May 5, 2005
I hereby certify and return that on 5/3/2005 at 2:45PM I served a true and attested copy of the Summons, Complaint and Cover Sheet in this action in the following manner: To wit, by delivering in hand to G.Brown, agent and person in charge at the time of service for Renaissance Hotel Holdings, Inc., at , 101 Federal Street, C/o CT Corporation Systems Boston, MA 02108. Basic Service Fee (IH) ($30.00), Postage and Handling ($1.00), Attest/Copies ($5.00) Total Charges $36.00

_____
Deputy Sheriff

**Deputy Sheriff    John Cotter**

NOTICE TO DEFENDANT -- You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office.

TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER

# COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, ss.

HAMPDEN COUNTY
SUPERIOR COURT
FILED
APR 25 2005
CLERK-MAGISTRATE

HAMPDEN COUNTY
SUPERIOR COURT
FILED
MAY 11 2005
CLERK-MAGISTRATE

SUPERIOR COURT
DEPARTMENT OF THE TRIAL COURT
CIVIL ACTION
NO. 05-422

_Cynthia Holt_, PLAINTIFF(S)

V.

**SUMMONS**

_Perry Pollard, Bayer Corporation_, DEFENDANT(S)
_Renaissance Hotel Holdings_

To the above named defendant: _Bayer Corporation_
You are hereby summoned and required to serve upon _Agent for Service CT Corporation System_

_Victoria Laura Wright,_ _____, plaintiff's attorney, whose address is _80 Maple Street, Springfield, MA 01103_, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Springfield either before service upon the plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esq., at Springfield the _25_ _____ day of _April_ _____ in the year of our Lord two thousand three _2005_

**A true copy:**

**Attest:**

_Shunt Coe_
Deputy Assistant Clerk

_Marie G. Mazza_
Clerk / Magistrate

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM No. 1

4

# PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _________, 2003, I served a copy of the within summons, together with a copy of the original complaint, in this action, upon the within named defendant, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5):

Dated:____________________, 2003

N.B. TO PROCESS SERVER:
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON THE COPY SERVED ON DEFENDANT.

CLERKS OFFICE
SUPERIOR COURT
HAMPDEN COUNTY
2005 MAY 11 A 10: 1

( ________________ )
( , 2003 )
( ________________ )

Attest:

Deputy Assistant Clerk

A true copy:

Suffolk County Sheriff's Department • 45 Bromfield Street • Boston, MA 02108 • (617) 989-6999
Suffolk, ss.

May 5, 2005
I hereby certify and return that on 5/3/2005 at 2:45PM I served a true and attested copy of the Summons, Complaint and Cover Sheet in this action in the following manner: To wit, by delivering in hand to G.Brown, agent and person in charge at the time of service for Bayer Corporation Inc., at , 101 Federal Street, C/o CT Corporation Systems Boston, MA 02108. Basic Service Fee (IH) ($30.00), Travel ($25.10), Postage and Handling ($1.00), Attest/Copies ($5.00) Total Charges $61.10

Deputy Sheriff John Cotter

Deputy Sheriff

**COMMONWEALTH OF MASSACHUSETTS**
**DEPARTMENT OF THE TRIAL COURT**

Hampden, ss.

Superior Court Department
Civil Action No.: 05-422

| | |
|---|---|
| CYNTHIA HOLT,<br>　　　　Plaintiff )<br><br>v. )<br><br>PERRY POLLARD, BAYER )<br>CORPORATION, and )<br>RENAISSANCE HOTEL )<br>HOLDINGS, INC. d/b/a )<br>RAMADA INN CHICOPEE, )<br>MASSACHUSETTS, )<br>　　　　Defendants ) | **NOTICE OF APPEARANCE**<br><br>HAMPDEN COUNTY<br>SUPERIOR COURT<br>**FILED**<br><br>MAY 2 4 2005<br><br>CLERK-MAGISTRATE |

Please enter my appearance on behalf of the defendant, Perry Pollard, in the above-entitled civil action.

DATED: May 23, 2005

　　　　　　　　　　Brian L. Blackburn
Brian L. Blackburn, Esquire
GREEN, MILES, LIPTON &
FITZ-GIBBON, LLP
77 Pleasant Street
P.O. Box 210
Northampton, MA 01061-0210
Tele:　(413)-586-8218
Fax :　(413)-584-6278
BBO #:　044420 ✔

## CERTIFICATE OF SERVICE

I, Brian L. Blackburn, hereby certify that on this 23d day of May, 2005 I served a copy of the foregoing document upon the following attorneys of record, by first class, postage pre-paid mail:

Attorney for the Plaintiff:
Victoria Lauro Wright, Esquire
Coolidge & Lauro
80 Maple Street
Springfield, MA 01103

Attorney for Bayer Corporation:
Agent of Service
CT Corporation System
101 Federal Street
Boston, MA

Attorney for Renaissance Hotel Holdings, Inc.
Agent of Service
CT Corporation System
101 Federal Street
Boston, MA

Dated: May 23, 2005

Brian L. Blackburn, Esquire

**A true copy:**

**Attest:**

Deputy **Assistant Clerk**

## COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF THE TRIAL COURTS

Hampden, ss.

Superior Court Department
Civil Action No.: 05-422

CYNTHIA HOLT,                    )
      Plaintiff        )
                )
                )
v.                               )
                )
PERRY POLLARD, BAYER             )
CORPORATION, and                 )
RENAISSANCE HOTEL                )
HOLDINGS, INC. d/b/a             )
RAMADA INN CHICOPEE,             )
MASSACHUSETTS,                   )
      Defendants       )

**ANSWER OF DEFENDANT
PERRY POLLARD**

HAMPDEN COUNTY
SUPERIOR COURT
FILED

MAY 2 4 2005

CLERK MAGISTRATE

Now comes Defendant, Perry Pollard, and for his answer to Plaintiff's Complaint, with reference to the numbered paragraphs thereof, hereby states as follows:

### PARTIES

1.    Defendant admits the averments set forth in Paragraph No. 1 of the Complaint.

2.    Defendant admits the averments set forth in Paragraph No. 2 of the Complaint.

3.    Defendant admits the averments set forth in Paragraph No. 3 of the Complaint.

4.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph No. 4 of the Complaint.

### FACTS

5.    Defendant denies the allegations set forth in Paragraph No. 5 of the Complaint.

6.    Defendant admits the averments set forth in Paragraph No. 6 of the Complaint.

7.    Defendant admits the averments set forth in Paragraph No. 7 of the Complaint.

1

8.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph No. 8 of the Complaint.

9.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph No. 9 of the Complaint.

10.  Defendant denies the allegations set forth in Paragraph No.10 of the Complaint.

11.  Defendant denies the allegations set forth in Paragraph No. 11 of the Complaint.

## COUNT I

### CYNTHIA HOLT vs. PERRY POLLARD

### ASSAULT AND BATTERY

12.  Defendant repeats his answers to Paragraph No. 1 through No. 11 inclusive and incorporates them herein by reference.

13.  Defendant denies the allegations set forth in Paragraph No. 13 of the Complaint.

14.  Defendant denies the allegations set forth in Paragraph No. 14 of the Complaint.

WHEREFORE, Defendant requests that judgment enter for Defendant and against Plaintiff.

## COUNT II

### CYNTHIA HOLT vs. PERRY POLLARD

### ASSAULT TO COMMIT RAPE

15.  Defendant repeats his answers to Paragraph No. 1 through No. 14 inclusive and incorporates them herein by reference.

16.  Defendant denies the allegations set forth in Paragraph No. 16 of the Complaint.

17.  Defendant denies the allegations set forth in Paragraph No. 17 of the Complaint.

WHEREFORE, Defendant requests that judgment enter for Defendant and against Plaintiff.

## COUNT III

### CYNTHIA HOLT vs. PERRY POLLARD

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

18.    Defendant repeats his answers to Paragraph No. 1 through No. 17 inclusive and incorporates them herein by reference.

19.    Defendant denies the allegations set forth in Paragraph No. 19 of the Complaint.

20.    Defendant denies the allegations set forth in Paragraph No. 20 of the Complaint.

WHEREFORE, Defendant requests that judgment enter for Defendant and against Plaintiff.

## COUNT IV

### CYNTHIA HOLT vs. RENIASSANCE HOTEL HOLDINGS, INC.
### d/b/a RAMADA INN CHICOPEE, MASSACHUSETTS

21.    Defendant repeats his answers to Paragraphs No. 1 through No. 20 inclusive and incorporates them herein by reference.

22.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph No. 22 of the Complaint.

23.    Defendant denies the allegations set forth in Paragraph No. 23 of the Complaint.

WHEREFORE, Defendant requests that judgment enter for Defendant and against Plaintiff.

## COUNT V

### CYNTHIA HOLT vs. BAYER CORPORATION

24.    Defendant repeats his answers to Paragraphs No. 1 through No. 23 inclusive and incorporates them herein by reference.

25.    Defendant denies the allegations set forth in Paragraph No. 25 of the Complaint.

26.    Defendant denies the allegations set forth in Paragraph No. 26 of the Complaint.

WHEREFORE, Defendant requests that judgment enter for Defendant and against Plaintiff.

And further answering Plaintiff's Complaint Defendant state as follows:

## DEFENSES

1.   The Court lacks personal jurisdiction over the Defendant.
2.   Plaintiff has failed to bring her claim within the time permitted by law.
3.   There has been insufficient service of process.

WHEREFORE, Defendant requests that the Complaint be dismissed, or that judgment enter in his favor and against Plaintiff.

DEFENDANT DEMANDS A JURY TRIAL. ✓

Dated: May 23, 2005

Respectfully submitted,
Perry Pollard, defendant
By his attorney,

*Brian L. Blackburn*
Brian L. Blackburn
GREEN, MILES, LIPTON
& FITZ-GIBBON, LLP
77 Pleasant Street
P.O. Box 210
Northampton, MA 01061-0210
Tel:    (413)-586-8218
Fax:    (413)-584-6278
BBO #: 044420 ✓

**A true copy:**

**Attest:**

Deputy **Assistant Clerk**

4